# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHAWN ALVIN KRUG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:14-cv-19-WTL-MJD |
| | ) | |
| Dr. Z. NDIFE and DR. WILLIAM WILSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Shawn Alvin Krug, a former inmate of the United States Penitentiary in Terre Haute, Indiana, brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), alleging that the defendants failed to provide him with constitutionally adequate medical care. Arguing that Krug failed to exhaust his available administrative remedies with respect to these claims, the defendants move to dismiss, or in the alternative, for summary judgment. The Court treats the motion as a motion for summary judgment and finds that the motion [dkt 43] must be **granted**.[1]

## I. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and

---

[1] Krug's Motion to Proceed [dkt 48] is **granted** to the extent that the Court has reviewed the papers attached to that motion.

draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Krug has not opposed the motion for summary judgment with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. He has provided a number of documents in support of his Motion to Proceed filed on December 1, 2014, but only some of those documents relate to the motion for summary judgment and none of those provide any support to dispute any of the facts asserts by the defendants. The consequence of these circumstances is that Krug has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The BOP has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy

process is complete.

All administrative requests filed by inmates are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the Bureau of Prisons. BOP Technical Reference Manual, 1301.02, Part 2, Section E, provides explanation of the "Status Codes" and "Status Reasons" utilized to denote action taken in reference to administrative remedies filed by inmates. Each entry in the SENTRY database contains a short "abstract" of what the inmate is requesting to be formally reviewed by BOP staff members. The field in the system is limited in the amount of space available to enter the inmates' issue, therefore, staff members entering data into the SENTRY system utilize abbreviations as necessary in the various program status fields.

A search of the SENTRY system revealed that Krug filed three administrative remedy requests during his incarceration. On June 20, 2013, Krug filed remedy 739122-F1 at the institution level claiming "Medical Issues." This filing was closed July 1, 2013. On July 23, 2013, Krug filed an appeal at the regional level, remedy 739122-R1, claiming "Medical Issues." This filing was closed on August 8, 2013. On September 9, 2013, Krug filed an appeal at the Central Office level, remedy 739122-A1, claiming "Medical Issues." This filing was rejected on September 12, 2013 and Krug was given a period of time in which to resubmit his appeal. Krug did not resubmit the appeal and made no additional administrative remedy filings prior to filing this lawsuit.

### III. Discussion

The defendants argue that Krug's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534

U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that Krug did not fully exhaust his available administrative remedies as required by the PLRA. Although he submitted several remedy requests, he did not see those requests through to completion. When his appeal to the Central Office was rejected, he did not resubmit it as he was directed to do. While he has provided the Court an array of documents, including the administrative remedy request forms at issue and other request forms related to requests for medical records, Krug has not disputed these facts. It is therefore undisputed that Krug failed to exhaust his available administrative remedies with regard to his claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Krug's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendants' motion for summary judgment [dkt 43] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/07/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Shawn Alvin Krug
216 West North Street
Algona, IA 50511

All electronically registered counsel